Filed 6/24/16  P. v. Bogar CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264558 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA061253) |
| v. | |
| RAFIKI M. BOGAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Rafiki Bogar appeals from the judgment entered after his jury conviction of one count of second-degree robbery. Bogar's appointed counsel filed a no-issue brief under *People v. Wende* (1979) 25 Cal.3d 436. We notified defendant of his right to respond, but received no response.

The record on appeal shows that, in December 2013, Bogar was charged with second-degree robbery and criminal threats (Pen. Code,[1] §§ 211, 422, subd. (a); counts 1 and 2), based on an incident that took place on October 14, 2013 and involved victim Arturo Yanez. Bogar was charged with another count of second-degree robbery (count 3), based on an incident that took place on October 25, 2013 and involved victim Angelina Saucedo. A fourth count was dismissed. Three prison prior convictions were alleged under section 667.5, subdivision (b), as well as two prior strike convictions under the Three Strikes law. (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d).)

As relevant to Bogar's conviction on count 3, Saucedo testified at his jury trial that, around 10:30 p.m. on October 25, 2013, Bogar rushed her while she was backing her car down her driveway. She locked the driver's door, but he hit the car window until it broke. Saucedo suffered scratches to her face and arms from the shattered glass. Bogar reached into the car to grab her purse from the passenger seat, saying, "Give me your purse, bitch. " She let go because she was not sure if had a weapon or if he would hit her. As Bogar drove away, Saucedo managed to take a photograph of his car, a silver or grey four-door sedan. After police responded, Saucedo described her assailant as a Black male, about 20 to 25 years old, in a hoodie, and she identified him in a six-pack photographic lineup. An object wrapped in black duct tape was found on the ground next to the car.

A roll of duct tape matching that used on the object recovered from Saucedo's driveway was found during a search of Bogar's residence. A traffic ticket found in Bogar's wallet connected him to a silver four-door Chrysler sedan similar to the car Saucedo had captured on her cell phone. When he was arrested on November 2, 2013,

---

[1] Statutory references are to the Penal Code.

Bogar had scratches on his right hand. Blood found on the outside of the driver's door of Saucedo's car matched Bogar's DNA profile.

The jury acquitted Bogar of counts 1 and 2, and convicted him of count 3. Bogar admitted his prior convictions. The court denied his motion to strike his prior strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 because, at age 36, Bogar had a long criminal history, going back to 1991, interrupted by recurrent prison terms. The court sentenced Bogar as a third striker to 25 years to life in prison and imposed two additional five-year terms under section 667, subdivision (a). The court struck the three prison priors under section 667.5, subdivision (b), awarded Bogar 607 days of pre-sentence custody credit, and ordered him to pay various fees and fines.

Having reviewed the record on appeal, we find no arguable issues. (*People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

3